IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

**Mr. RONNIE LEE CASH**
*[Enter the full name of the plaintiff in this action]*

) Civil Action No. _____
)              *(to be assigned by Clerk)*
)
v.
) **COMPLAINT**
) **State Prisoner**

**RONNIE D. HORN    JASON YOWN**
**RITCHIE STRAWN   RAYMOND GIST**
**TONY E. BROWN**
**MICHAEL R. WILHERE**
**JOHN SMOAK**
*Enter above the full name of defendant(s) in this action*

I. PREVIOUS LAWSUITS

   A. Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action or otherwise related to your imprisonment?  Yes **✓**  No ____

   B. If your answer to A is Yes, describe the lawsuit in the space below. If there is more than one lawsuit, describe the additional lawsuits on another piece of paper using the same outline.

     1. Parties to this previous lawsuit:

       Plaintiff: **MR. RONNIE LEE CASH**

       Defendant(s): **WARDEN JOSEPH McFADDEN**

     2. Court: **SOUTH CAROLINA**
       *(If federal court, name the district; if state court, name the county)*

     3. Docket Number: **C/A: 0:16-716-MGL-PJG**

     4. Name(s) of Judge(s) to whom case was assigned: **HONORABLE JUDGE PAIGE GOSSETT**

     5. Disposition: **PENDING**
       *(For example, was the case dismissed? Appealed? Pending?)*

     6. Approximate date of filing lawsuit: **FEBRUARY 29, 2016**

     7. Approximate date of disposition: _____

Complaint - State Prisoner
Revised October 3, 2007

II. PLACE OF PRESENT CONFINEMENT

A. Name of Prison/Jail/Institution: **LEIbER CORRECTIONAL INST.**

B. What are the issues that you are attempting to litigate in the above-captioned case? **CIVIL RIGHTS STATE/ FED CONSTITUTION VIOLATION(S) INTRA-CONSPIRACY**

C. (1) Is there a prisoner grievance procedure in this institution? Yes ✓ No ___

(2) Did you file a grievance concerning the claims you are raising in this matter? Yes ✓ No ___

When **OCT. 25, 2016**    Grievance Number (if available) **LCI-0596-16**

D. Have you received a final agency/departmental/institutional answer or determination concerning this matter (i.e., your grievance)? Yes ___ No ✓

E. When was the final agency/departmental/institutional answer or determination received by you? **NONE**

*If possible, please attach a copy of your grievance and a copy of the highest level decision concerning your grievance that you have received.*

F. If there is no prison grievance procedures in this institution, did you complain to prison, jail, or institutional authorities? Yes ✓ No ___

G. If your answer is YES:

1. What steps did you take? **Filed 1 GRIEVANCE**
2. What was the result? **NOTHING - "NON RESPONSIVE" Outside SCDC's Jurisdiction**

III. PARTIES

*In Item A below, place your name, inmate number, and address in the space provided. Do the same for additional plaintiffs, if any.*

A. Name of Plaintiff: **RONNIE LEE CASH**    Inmate No.: **303969**

Address: **P.O. BOX 205 RIDGEVILLE, S.C.**

*In Item B below, place the full name of the defendant, his official position, and place of employment in the space provided. Use Item C for additional defendants, if any.*

B. Name of Defendant: **RONNIE HORN**    Position: **DET. POLICE OFFICER**

Place of Employment: **SPARTANBURGH SHERIFF DEPT.**

C. Additional Defendants (*provide the same information for each defendant as listed in Item B above*):

**RICHIE STRAWN (DET. POLICE OFFICER) SPARTANBURGH COUNTY;**
**MICHAEL R. WILHERE (DET. POLICE OFFICER) SPARTANBURGH ";**
**TONY E. BROWN (DET. POLICE OFFICER) SPARTANBURGH COUNTY;**
**RAYMOND GIST (DET. POLICE OFFICER) SPARTANBURGH COUNTY**
**JOHN SMOAK (DET. POLICE OFFICER) SPARTANBURGH COUNTY**
**JASON YOWN (DET. POLICE OFFICER) SPARTANBURGH CO.**

Complaint - State Prisoner
Revised October 3, 2007

## I. JURISDICTION & VENUE

1. This is a civil action authorized by 42 U.S.C. Section 1983 to redress the deprivation, under color of state law, of rights secured by the Constitution of the United States. The court has jurisdiction under 28 U.S.C. Section 1331 and 1343 (a)(3); the plaintiff brings his complaint persuant to 18 U.S.C.A § 1621 criminalize perjury 18 U.S.C.A § 241 conspiracy against rights of the citizens, 18 U.S.C.A 286 conspiracy to defraud the U.S. Government Body of South Carolina with respect to claims of 14th Amendment violation(s) of due process of the law by the law and the right to be informed of alledged crime charged, citing 5th Amendment violations procedural of the fundamental fairness of the law. Plaintiff seeks declaratory relief pursuant 28 U.S.C. Section 2201 and 2202. Plaintiff's claims for injunctive relief are autho- rized by 28 U.S.C. Section & 2284 and Rule 65 of the Federal Rules of Civil Procedure.

2. The District of Spartanburgh County is the appro- priate venue under 28 U.S.C. Section 1391 (b)(2) because it is where the events giving rise to this claim occ- urred.

## II. PLAINTIFFS

3. Plaintiff, Ronnie Lee Cash, is and was at all times mentioned herein a prisoner of the state of (S.C.)

SOUTH CAROLINA IN THE CUSTODY OF LIEBER, S.C.D.C. IN RIDGEVILLE SOUTH CAROLINA P.O. BOX 205.

4. DEFENDANT, RONNIE D. HORN IS A POLICE OFFICER IN THE COUNTY OF SPARTANBURGH SOUTH CAROLINA. HE IS LEGALLY RESPONSIBLE FOR THE ALLEGED HOMOCIDE INVESTIGATION OF CASE N° # 030901412 AS HE WROTE AND SIGNED INVESTIGATION REPORTS BEGINING ON THE DAY IN QUESTION AS THE ARRESTING OFFICER.

5. DEFENDANT, JOHN SMOAKS IS A POLICE OFFICER IN THE CITY OF SPARTANBURGH SOUTH CAROLINA. HE WAS FIRST TO ARRIVE TO THE ALLEGED HOMOCIDE SCENE TO SECURE IT.

6. DEFENDANT, RITCHIE STRAWN IS A POLICE OFFICER IN THE COUNTY OF SPARTANBURGH SOUTH CAROLINA. HE WAS FIRST ON THE SCENE OF THE ALLEGED HOMOCIDE TO SECURE IT.

7. DEFENDANT, MICHAEL WILHERE IS A POLICE OFFICER FOR THE COUNTY OF SPARTANBURGH SOUTH CAROLINA. HE WAS FIRST AT THE SCENE OF THE ALLEGED HOMOCIDE TO SECURE IT.

8. DEFENDANT, JASON YOWN IS A POLICE OFFICER/DET. FOR SPARTANBURGH COUNTY HE IS RESPONSIBLE FOR THE INVESTIGATION OF THE ALLEDGED HOMOCIDE.

9. DEFENDANT, RAYMOND GIST IS A POLICE OFFICER/ DET. FOR SPARTANBURGH COUNTY HE IS RESPONSIBLE FOR THE INVESTIGATION OF THE ALLEGED HOMOCIDE

10. DEFENDANT TONY E. BROWN is RESPONSIBLE FOR HELPING OR ASSISTING OFFICER WILHERE SECURE THE ALLEDGED CRIME SCENE AND HE IS A POLICE OFFICER FOR THE COUNTY OF SPARTANBURGH SC.

11. EACH DEFENDANT IS SUED INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY. AT ALL TIMES MENTIONED IN THIS COMPLAINT EACH DEFENDANT ACTED UNDER THE COLOR OF STATE LAW.

## III. FACTS

12. YOUR HONOR, ON SEPTEMBER 20, 2003 I WENT TO A FRIENDS HOME, WITH A FRIEND, HIS NAME IS "GERALD SAMS". WHILE AT THE LOCATION THAT MR. SAMS AND I WERE AT HE AND I HAD AN ARGUEMENT, A DISAGREEMENT AND MR. SAMS ASSAULTED ME AND WE ENGAGED INTO A FIST FIGHT. I ATTEMPTED TO DEFUSE THE SITUATION OUT OF RESPECT FOR OUR FRIENDSHIP HOWEVER MR. SAMS KEPT ON ASSAULTING AND I WAS FORCED TO DEFEND MYSELF. THE INITIAL DISAGREEMENT WAS OVER NARCOTIC PILLS YOUR HONOR THAT HE WANTED ME TO SALE TO MY FRIEND STACY AND GERALD ABERNATHY. MR. SAMS STARTED BEATING ON MY FRIENDS BEDROOM WINDOW TO FORCE THEM TO GET-UP," AT THAT POINT EVERYONE IS ARGUING AND MR. SAMS THEN PUNCHED ME IN THE BACK OF MY HEAD AND THAT IS WHEN THE FIGHT BROKE OUT INTO HI GEAR. I AM A WHITE MAN, I AM A U.S. CITIZEN AND I HAVE A RIGHT TO DEFEND MYSELF.

13. ON SEPTEMBER 20, 2003 IN THE EARLY AM SPARTANBURGH COUNTY POLICE OFFICER RONNIE D. HORN (DEFENDANT) PULLED ME OVER FOR TRAFFIC STOP CHARGING ME FOR "DWL" DEFENDANT HORN NEVER EXPLAINS THAT I AM A SUSPECT IN A HOMOCIDE HOWEVER MR. HORN LATER STATES IN HIS INVESTIGATION REPORT(S) USED IN JURY TRIAL THAT HE DID NOT IN FACT CHARGE ME WITH HOMOCIDE EXHIBIT: B 3 OF 5 MR. HORN CHARGED ME FOR DRIVING WITHOUT A DRIVERS LICENSE. THIS TACTIC USED BY MR. HORN RESULTED IN A CHAIN OF EVENTS THAT VIOLATE THE LAWS OF CRIMINAL PROCEDURE AND MY CONSTITUTIONAL DUE PROCESS RIGHTS AND CONSTITUTIONAL EQUAL PROTECTION OF THE LAW BY THE LAW MR. HORN THUS OBSTRUCTING JUSTICE AND DID COMMIT PERJURY MISLEADING THE COURT AND SOLICITOR IN WHICH MISLEADING THE GRAND JURY TO SECURE INDICTMENT SEE INDICTMENT EXHIBIT: D 1 OF 2

14. AS TO THE DEFENDANT OFFICER JOHN SMOAKS WHO WAS ON THE SCENE AND WAS TO SECURE THE ALLEG -ED CRIME SCENE OF THE ALLEGED HOMOCIDE INVESTI -GATION ON SEPTEMBER 20, 2003. MR. SMOAKS HAS THE DUTY TO TAKE WITNESS STATEMENTS, BUT DID NOT GET WITNESSES TO SIGN THE STATEMENTS. THE WITNESS'S STATEMENTS HAD THEY BEEN SIGNED BY THE ABERNATHY FAMILY WOULD HAVE MADE THEM VALID AND

MR. SMOAKS REPORTS ALONG WITH OFFICER WILHERE REPORTS IS WHAT WAS USED TO FOOL THE JUDGE TO GET A WARRENT — THESE REPORTS LATER DISAPPEAR-ED SEE EXHIBIT: D 6 OF 9 & E 5 OF 10 LINE 6-9 IN THIS UNLAWFUL CONSPIRACY AGAINST THE PLAINTIFF THE SPARTANBURGH COUNTY LAW ENFORCEMENT DIVISION HAS RULES, POLICY AND PROCEDURE TO GUIDE OFFICER'S INSTRUCTING GOOD POLICE WORK NEVERTHELESS, THESE DEFENDANTS KNOWINGLY INTENTIONALLY MANUFACTURE THEIR OWN BELIEFS "NOT" FACTS OF EVIDENCE WITH WITH ENTENTIONS TO CLOSE THE CASE BEFORE IT TURN COLD. WITNESS REPORTS DISAPPEARING IS TOTALLY UNACCEPTABLE.

15. DEFENDANT SGT. TONY E. BROWN IS THE APPROVING OFFICER OVER THE ALLEGED HOMOCIDE AND ADMITTS THAT PLAINTIFF HAD A FIGHT WITH MR. SAMS IN THE DRIVE WAY OF THE ABERNATHY HOME MR. BROWN CONCURES AND AGREES WITH DEPUTY SMOAK AND DEPUTY WILHERE. THE CONSPIRACY STARTS AT THIS POINT. NATURALY IF TWO MEN ARE FIGHTING, ONE OF THEM HAS TO WIN THE FIGHT. IT IS NOT MALICE TO WIN OR DEFEND ONES SELF WHILE BEING ATTACKED.

16. DEFENDANTS RONNIE D. HORN, JOHN SMOAK, RICHIE STRAWN, TONY BROWN, MIKE WILHERE, JASON YOWN

AND RAYMOND GIST DID NOT SECURE THE INITIAL CRIME SCENE. REPORTS WERE LATER ALTERED AND CHANGED IN AN ATTEMPT TO COVER-UP EACH OTHERS FOUL MISCONDUCT. THE 6TH AMENDMENT TO THE U.S CONSTITUTION CLEARLY STATES THAT I HAVE A RIGHT TO BE INFORMED OF THE NATURE AND CAUSE OF ANY ACCUSATION. DEFENDANT YOWN ACTED IN A CONSPIRACY LIKE MANNOR AGAINST PLAINTIFF BY LETTING THE WITNESSES CHANGE THEIR STORY. NOT BEING INFORMED FURTHER VIOLATES THE STANDARD INVESTIGATIVE PROTOCOL GOVERNED BY SOUTH CAROLINA CONSTITUTION AS WELL, TO HOW THESE OFFICER(S) GOT THE WARRENT IS A FUNDAMENTAL MISCARRIGE OF JUSTICE. PLAINTIFF BELIEVES HE HAS A RIGHT TO CONFRONT AND CROSS EXAMINE HIS ACCUSER(S) WITNESSES AND POLICE INVESTIGATORS. OFFICER HORN STATED AT PLAINTIFFS TRIAL THAT HE DIDNT CHARGE PLAINTIFF WITH HOMOCIDE OR MURDER BUT ON HIS WRITTEN POLICE REPORT HE SAID HE DID — SEE EXHIBIT: B 2 OF 5 LINE 2-3
THE FALSE STATEMENT GOT AN INDICTMENT AND THIS IS PARAMOUNT TO THIS CLAIM AND ACTION. Ex: O 1 OF 2

17. PLAINTIFF HAS MATERIALS "EXHIBITS" THAT ARE ATTACHED TO THE BACK OF THE COMPLAINT IN SUPPORT OF HIS CLAIMS AGAINST THESE DEFENDANTS. THESE DOCUMENTS PRESENTED ARE TRUE AND ARE RELEVANT TO THIS COMPLAINT MOST PROBABLE. EXHIBITS AS FOLLOWS:

A 1-2 THE JUDGE AGREED ON THE BELATED APPEAL
B 1-5 THE TRAFFIC STOP + TICKET
C 1-4 THE CLERKS WITHHELD MOTION
D 1-9 THE HOMICIDE INVESTIGATION DISAPPEARED
E 1-10 THE TRANSCRIPT OF HONORABLE LARRY B. HYMAN
F 1-6 THE ISSUES THAT I WANTED TO BE PUT IN THE BELATED APPEAL SENT TO THE ATTORNEYS.

18. EXHAUSTION OF LEGAL REMEDIES

YOUR HONOR I AM ASKING AS THE PLAINTIFF IN THIS CASE FOR A FAIR BITE OF THE APPLE. LET THE COURT TAKE NOTICE THAT THIS PLAINTIFF HAS HAD AN UNFAIR DISADVANTAGE THROUGHOUT THE HISTORY OF MY CASE; IN GREATER DETAIL YOUR HONOR, I HAVE ATTEMPTED TO GO THROUGH ALL DISPUTE-SOLVING AVENUES THAT ARE AVAILABLE IN THE COURTS AND IT'S ADMINISTRATIVE AGENCYS BEFORE ASKING THIS COURT TO REVIEW THE ISSUES AT HAND. NO ONE SHOULD BE SUED, HOWEVER THE COURSE OF MY CASE HAS PUSHED ME INTO A CORNER AND I FEEL THAT IF THE USDC EXAMINES MY CASE/CLAIM IT WILL CORRECT ERRORS THAT THE PRIOR PARTIES HAVE COMMITED AND THAT WILL

ALLOW ME TO REDRESS TO THE NEXT ADMINISTRATIVE AGENCY. NOW I HIRED A LEGAL ATTORNEY; A MR. JOHN B. WHITE ON FEBUARY 25, 2005 MR. WHITE WAS TO ARGUE MY CASE IN PCR COURT. HIS ASSOCIATE MRS./MS. BEVERLY JONES SENT ME RULE 5 ON AUGUST 24, 2005 THAT IS THE FIRST TIME THAT I SEEN DISCOVERY IN ITS FULL FORMALTY. IT WAS RULE 5 DISCOVERY WHEN I REALIZED WHAT THE DEFENDANTS HAD DONE, NEVERTHELESS, MR. WHITE SOME HOW OVER LOOKED THESE ISSUES AND FAILED TO OBJECT TO THE RELEVANT FINDINGS. I ALSO INFORMED MR. WHITE'S LAW OFFICE TO PUT THESE ISSUES IN THE APPEAL —— AND THE JUDGE SAID THAT I HAVE MY APPEAL  SEE EXHIBIT A 1 OF 2 LINE 5-11 STRANGE ENOUGH AFTER MS. JONES SPOKE TO THE JUDGE THE PCR THEN QUICKLY GOT DISMISSED (?) JUDGE DISMISSED PCR ON JANUARY 24, 2008 AND MR. WHITE FILED MOTION TO RECONSIDER OF FEBUARY 4TH 2008 WHAT I AM TRYING TO EXPLAIN YOUR HONOR IS THAT LEGAL PERSONS OF LAW SOMEHOW WITHHELD AND DELAYED MY ACCESS TO THE COURT AND MY CASE WAS NOT EQUITABLEY TOLLED AND PROCESSES THUS CHEATING ME OUT OF MY RIGHTS AND MR. WHITE WAITS A YEAR TO FILE THE PCR STARTING FROM JULY 29, 2004 MR. WHITE WAITS UNTILL

JULY 18, 2005! TO SUBMITT THE PCR THAT ONLY GAVE ME 11 DAYS FOR MY FEDERAL HABAUS WHEN HE FILED THE RECONSIDER FROM 24 TO 4 IS 11 DAYS, MR. WHITE RAN MY TIME OUT. THEN YOUR HONOR THE MOST DRASTIC MEASURE OCCURED AFTER THE JUDGE DISMISSED MY UNTIMELY MOTION TO RECONSIDER ON FEB 14, 2008 THE CLERK OF COURT MS. CARRA HENDERSON AND MR. MARK KITCHEN WITH HELD THE PAPER WORK TO BE FILED FOR NEARLY A YEAR (THIS CAN NOT BE LEGAL) FROM FEB 14, 2008 TO FEB 4, 2009." ATTONEY MR. WHITE DID NOT INFORM ME HIS CLIENT OF WHAT THE CLERKS DID UNTILL MUCH LATER, THEN MS. JONES CONTACT ME AND SAID THAT I HAD GOT THE APPEAL AND IF I WOULD SIGN PAPERS TO RELEAVE MR. WHITE AS MY COUNSEL", ON FEB 3, 2009 — MR. WHITE PUT THE APPEAL IN THE VERY NEXT DAY FEB 4th 2009. THE CONFUSION IS THAT THEY SHOULD HAVE TOLD ME THAT THE APPEAL WAS TO THE S.C. COURT OF APPEALS NOT THE "BELATED APPEAL" THIS WAS ALL DONE IN A SICK MANNOR TO RELEAVE MR. WHITE AS COUNSEL
    MOREOVER, CLERK OF COURT MR. MARK KITCHEN OF SPARTANBURGH COUNTY TRYED TO COVER-UP HIS MISTAKES DEALING WITH MY CASE BY FILING BLANK INCIDENT REPORTS, BY WAY OF HISTORY MR. KITCHEN WAS FIRED FOR TAMPERING WITH EVIDENCE.

UPON INFORMATION AND BELIEF MR. KITCHENS STOLE COCAINE FROM EVIDENCES IN CUSTODY. I HAD MY HANDICAP MOTHER TO GO TO THE COURTHOUSE TO MR. KITCHENS OFFICE TO RETRIEVE THE CASE INCIDENT REPORT ON WHAT GOT THE WARRENT AND INDICTMENT, THE CLERKS INFORM MY MOTHER THAT THEY CANNOT BECAUSE THERE WERE ONLY BLANKS (?) SOMEONE'S NOT DOING THEIR JOBS."

THE APPELLATE DEFENDER MR. ROBERT M. PACHAK WAS INFORMED BY ME CONCERNING THE ISSUES OF CONFUSION AND MISCARRIAGE OF JUSTICE AND MY DESIRE TO RAISE THESE ISSUES IN COURT, BUT MR. PACHAK SAYS HE WILL ARGUE WHAT HE WANTS NOT WHAT I WANT." THE SAME ISSUES THAT MR. WHITE FAILED AT AND MS. JONES FAILED AT MR. PACHAK WAITS UNTIL THE STATUE OF LIMITATION IS JUST ABOUT TO RUN OUT THIS COURT OFFICER WAITS UNTILL THE TIME HAS RUN OUT AND I COULD NOT FILE BELATED APPEAL AND IT WAS DISMISSED ON OCT. 17, 2012. I FILED A 2ⁿᵈ PCR WITH (2) TWO NEW WITNESSES AND THE CIRCUMSTANCES SOUROUNDING THE POLICE AND THEIR MISCONDUCT FOULUPS

ASST. ATTORNEY GENERAL ALICIA A. OLIVE INFORMED THE HONORABLE JUDGE LARRY B. HYMAN THAT THESE ISSUES HAVE TO BE ARGUED IN HABAUS ACTION SEE

EXHIBIT E 9 OF 10 LINE 21-25, E 10 OF 10 LINE 1-4 PLAINTIFF HAS BEEN TRYING TO GET BACK INTO COURT SINCE DECEMBER 22' 2006 UNTIL NOV 10, 2015 TIME BARRED HAS BEEN THE MOTTO OR FILES GET MISSING. IT IS MY OBJECTIVE TO PRESENT THE FACTS RELATING TO THIS COMPLAINT.

### V. LEGAL CLAIMS

19. PLAINTIFF REALLEGES AND INCORPORATES BY REFERENCE PARAGRAPHS 1-18.

20. THE VIOLATION OF DUE PROCESS IS A DISCRIMINATION TO MY EQUAL PROTECTION OF THE LAW BY THE LAW UNDER THE 14TH AMENDMENT TO THE UNITED STATES CONSTITUTION. PLAINTIFFS ACCESS TO THE COURTS IS A 1ST. AMENDMENT RIGHT THAT I WOULD LIKE TO ENJOY AND I BELIEVE THAT THE DEFENDANTS ACTED IN A DELIBERATE INDIFFERANCE TO MY RIGHTS AND IN A "CAMPAIGNE HARASSMENT" - INTRA CONSPIRACY MANNOR KNOWINGLY AND INTENTIONALY TO HAVE UN-LAWFUL GAIN IN COURT.

21. THE PLAINTIFF HAS NO COMPLETE REMEDY AT LAW TO REDRESS THE WRONGS DESCRIBED HEREIN PLAINTIFF HAS BEEN AND WILL CONTINUE TO BE IRREP ARABLY INJURED BY THE CONDUCT OF THE DEFENDANTS UNLESS THE COURT GRANTS THE DECLARATORY AND IN-JUNCTIVE RELIEF IN WHICH PLAINTIFF SEEKS.

## VI. PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF RESPECTFULLY PRAYS THAT THIS COURT ENTER JUDGEMENT GRANTING PLAINTIFF:

22. A DECLARATION THAT THE ACTS AND OMISSIONS DESCRIBED HEREIN VIOLATED PLAINTIFF'S RIGHTS UNDER THE CONSITITUTION AND LAWS OF THE UNITED STATES.

23. A PRELIMINARY AND PERMANENT INJUCTION ORDERING THAT THE PLAINTIFF BE ALLOWED ACCESS TO THE COURTS.

24. COMPENSATORY DAMAGES IN THE AMOUNT $600,000.00 DOLLARS (SIX HUNDRED THOUSAND U.S DOLLARS AGAINST EACH DEFENDANT, JOINTLY AND SEVERALLY.

25. PUNITIVE DAMAGES IN THE AMOUNT OF $175,000.00 AGAINST EACH DEFENDANT.

26. A JURY TRIAL ON ALL ISSUES TRIABLE BY JURY

27. PLAINTIFFS COST IN THIS SUIT

28. ANY ADDITIONAL COST OR RELIEF THIS COURT DEEMS JUST PROPER, AND EQUITABLE.

X RONNIE LEE CASH
DATE: 11/9/16    RESPECTFULLY SUBMITTED,
P.O. BOX 205
RIDGEVILLE, SC. 29472

## VERIFICATION

I HAVE READ THE FOREGOING COMPLAINT AND HEREBY VERIFY THAT THE MATTERS ALLEGED ON AND ABOVE ARE TRUE, EXCEPT TO THE MATTERS ALLEGED ON INFORMATION AND BELIEF, AND, AS TO THOSE, I BELIEVE THEM TO BE TRUE AND CORRECT.

EXECUTED AT LIEBER CORRECTIONAL INST. (SCDC) SOUTH CAROLINA ON NOVEMBER

x *Ronnie Lee Cash*
RONNIE LEE CASH

DATE: 11/9/16

13 OF 13