IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Mr. Ronnie Lee Cash, | C/A No. 7:16-3654-MGL-PJG |
| Plaintiff, | |
| v. | **ORDER** |
| Ronnie D. Horn, Ritchie Strawn, Tony E. Brown, Michael R. Wilhere, John Smoak, Jason Yown, Raymond Gist, Robert Coler, Kimberly Leskanic, Mark Kitchen, | |
| Defendants. | |

Plaintiff Mr. Ronnie Lee Cash ("Cash"), a self-represented state prisoner, filed this action seeking relief pursuant to 42 U.S.C. § 1983, and alleging violations of his constitutional rights by the named defendants. This matter is before the court on Cash's motion for discovery, to conduct depositions, and for an evidentiary hearing. (ECF No. 25.) Additionally, Cash has filed a motion for subpoenas. (ECF No. 26.)

**I.    Motion for Discovery, Depositions, and an Evidentiary Hearing**

Absent a dispute the court generally does not enter the discovery process, which is detailed in the Federal Rules of Civil Procedure. See generally Fed. R. Civ. P. 26 through 37; see also Fed. R. Civ. P. 45. Cash is advised that he does not need specific authorization from the court to obtain discovery from the defendant. Rather, he should direct his discovery requests to the counsel of record for the defendants. If Cash is dissatisfied with the responses he receives from the defendants, he may then file a motion to compel. See Local Civ. Rule 37.01 (D.S.C.). Accordingly, Cash's

motion seeking discovery is denied. Additionally, Cash's motion for an evidentiary hearing is denied as premature.

Cash also requests leave to depose unnamed individuals and to hold the depositions at Lieber Correctional Institution. As stated above, discovery in civil cases filed in this court is governed by the Federal Rules of Civil Procedure. These rules are applicable to all litigants including those who are proceeding *pro se*. According to Rule 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Except under certain circumstances in which leave of the court is required, see Fed. R. Civ. P. 30(a)(2), a party may take an oral deposition of another party without leave of the court by serving written notice on the opposing party. See Fed. R. Civ. P. 30. As Cash has not specified in his motion which and how many individuals he wishes to depose, the court is unable to determine if the exceptions listed in Rule 30(a)(2) requiring leave of the court are applicable.[1]

The deponent's attendance may be compelled by subpoena pursuant to Rule 45. However, the court's authorization of a subpoena requested by an *in forma pauperis* plaintiff is subject to limitations, including the relevance of the information sought as well as the burden and expense to a person subject to the subpoena. See Fed. R. Civ. P. 26(b) & 45(c)(1). The court notes that, although the plaintiff has been granted *in forma pauperis* status pursuant to 28 U.S.C. § 1915(d), such status does not mean that the plaintiff's discovery expenses are underwritten or waived. See Badman v. Stark, 139 F.R.D. 601, 604 (M.D. Pa. 1991) (holding that an indigent plaintiff seeking issuance of a subpoena must simultaneously tender the witness fees and the estimated mileage

---

[1] Cash does not indicate in his motion that he has served any notices of deposition upon any potential deponent prior to filing his motion pursuant to Rule 30(b)(1) of the Federal Rules of Civil Procedure.



allowed by law with the service of the subpoena); see also Tabron v. Grace, 6 F.3d 147, 159 (3d Cir. 1993) ("There is no provision in [28 U.S.C. § 1915] for the payment by the government of the costs of deposition transcripts, or any other litigation expenses, and no other statute authorizes courts to commit federal monies for payment of the necessary expenses in a civil suit brought by an indigent litigant.").

Cash is advised that subpoenas for the attendance at a deposition cannot be enforced without proper prepayment of the appropriate witness and mileage fees. See Fed. R. Civ. P. 45(b)(1). Moreover, he has made no showing as to how any of the testimony he seeks is relevant to his claims and therefore within the scope of permissible discovery under the Federal Rules of Civil Procedure. Accordingly, Cash's motion for depositions is denied without prejudice. If Cash wishes to depose any individual, Cash must specify how the testimony he seeks to obtain is relevant to his claims as specified in Rule 26(b)(1) of the Federal Rules of Civil Procedure and according to the practice of this district. Accordingly, Cash's motion is denied with leave to re-file to provide the court with additional information within fourteen (14) days from the date of this order.

## II. Motion for Subpoenas

Cash's motion for subpoenas appears to seek issuance of trial subpoenas and subpoenas *duces tecum* from individuals who are not parties to this action. As to Cash's request for issuance of trial subpoenas, such request is denied as premature without prejudice to refile his motion at the appropriate stage of litigation.

As to Cash's request for the issuance of subpoenas *duces tecum*, the court's authorization of a subpoena *duces tecum* requested by an *in forma pauperis* plaintiff is subject to limitations, including the relevance of the information sought as well as the burden and expense to a person

subject to the subpoena. See Fed. R. Civ. P. 26(b) & 45(d)(1); Jackson v. Brinker, No. IP 91-471-C, 1992 WL 404537, at *7 (S.D. Ind. Dec. 21, 1992) (finding that the court may refuse an indigent party's request to have the United States Marshals Service serve a Rule 45 subpoena *duces tecum* that is "frivolous, requests immaterial or unnecessary information, is unduly burdensome, would be reasonably certain to result in the indigent's responsibility for significant compliance costs for which he cannot provide, or is otherwise unreasonable or abusive of the court's process"). While the plaintiff's *in forma pauperis* status may permit service of a subpoena *duces tecum* by the United States Marshals Service without prepayment of the cost of service,[2] the court must limit a plaintiff's discovery requests if the documents sought from the non-party are "cumulative or duplicative, or can be obtainable from some other source that is more convenient, less burdensome, or less expensive." See Fed. R. Civ. P. 26(b)(2)(C); see also Badman, 139 F.R.D. at 605 ("The Federal Rules of Civil Procedure were not intended to burden a non-party with a duty to suffer excessive or unusual expenses in order to comply with a subpoena *duces tecum*."). Additionally, the plaintiff should demonstrate that the requested records are obtainable only through the identified third party and that he has made provisions to pay the reasonable costs associated with the discovery he seeks. See Badman, 139 F.R.D. at 605; Sickler v. Curtis, No. 2:11-cv-0205, 2012 WL 3778941, at *2 (E.D. Cal. Aug. 31, 2012).

---

[2] The plaintiff is advised that the cost of service by United States Marshals Service is considered an item of cost which may, at the court's discretion, be included as judgment against the plaintiff at the conclusion of the action pursuant to 28 U.S.C. § 1915(f) if the plaintiff does not prevail. See Flint v. Haynes, 651 F.2d 970, 972-73 (4th Cir. 1981); 28 U.S.C. §§ 1920, 1921(a)(1) (stating that the court may tax as costs fees of the United States Marshals Service, such as the service of subpoenas).

In his current motion, Cash has not presented the information necessary for the issuance of a subpoena *duces tecum*. Specifically, Cash must:

(1) clearly identify what documents he is seeking and from whom;

(2) explain how the requested documents are relevant to his case;

(3) show that the requested documents are obtainable only through the identified third party;

(4) show that he has arranged for service of his proposed subpoenas *duces tecum* pursuant to Rule 45 of the Federal Rules of Civil Procedure or, in the alternative, provide the court with completed USM-285 forms so that service can be effected by the United States Marshals Service (see 28 U.S.C. § 1915(d); see also Fed. R. Civ. P. 4(c)(3)); and

(5) demonstrate to the court that he has made provision or has the funds necessary to pay the subpoenaed party for the costs associated with the production of the requested documents.

Accordingly, Cash's motion for subpoenas *duces tecum* is denied with leave to re-file to provide the court with the additional information outlined above within fourteen (14) days from the date of this order.

**IT IS SO ORDERED.**

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

May 10, 2017
Columbia, South Carolina