

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| RONNIE LEE CASH,<br>    Plaintiff, § § § § § § § § §| CIVIL ACTION NO. 7:16-3654-MGL |
| RONNIE D. HORN, RITCHIE STRAWN,<br>TONY E. BROWN, MICHAEL R. WILHERE,<br>JOHN SMOAK, JASON YOWN, and<br>RAYMOND GIST,<br>    Defendants. | |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION
AND GRANTING DEFENDANTS' MOTION TO DISMISS OR, IN THE
ALTERNATIVE, FOR SUMMARY JUDGMENT**

Plaintiff Ronnie Lee Cash, who is proceeding pro se, filed this case as a 42 U.S.C. § 1983 action. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting Defendants Ronnie D. Horn, Ritchie Strawn, Tony E. Brown, Michael R. Wilhere, John Smoak, Jason Yown, and Raymond Gist's (Defendants) motion to dismiss or, in the alternative, for summary judgment be granted. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may

accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on March 15, 2018; and the Clerk of Court entered Plaintiff's objections on April 2, 2018. After having carefully considered the objections, the Court holds them to be without merit. It will, therefore, enter judgment accordingly.

The Magistrate Judge suggests Cash's claims for false arrest/imprisonment and malicious prosecution be dismissed as time barred. In Cash's objections, he states, in pertinent part: "This is the first time [Cash] [saw] this report. [Cash's] attorney sent it to [him] on October 9, 2017." Objections 2. "This information was withheld until . . . when [Cash] received the solicitor['s] file on October 9, 2017." *Id*. Although not altogether clear, it appears Cash may be seeking to avail himself to the benefits of equitable tolling.

"[E]quitable tolling is a doctrine that should be used sparingly and only when the interests of justice compel its use." *Hooper v. Ebenezer Sr. Servs. & Rehab. Ctr.*, 386 S.C. 108, 117, 687 S.E.2d 29, 33 (2009). "The party claiming the statute of limitations should be tolled bears the burden of establishing sufficient facts to justify its use." *Id* at 32. Cash's conclusory allegations the documents he now relies on were withheld, without more, are insufficient to demonstrate he is entitled to have his claims equitably tolled. Thus, the Court will overrule these objections.

In addition to Cash's false arrest/imprisonment and malicious prosecution claims, he states in his objections he has also brought conspiracy claims: "conspiracy against [Cash], and conspiracy in the reports, on what [Defendants] wrote." Objections 1. But, for the same reasons Cash's other claims are time barred, his conspiracy claims are also time barred; and equitable tolling does not apply. Consequently, the Court will overrule this objection, too.

2

The remainder of Cash's submission consists of (1) his arguing the merits of his claims and (2) several attachments. But there are no specific objections. Accordingly, the Court will also overrule these objections.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Plaintiff's objections, adopts the Report, and incorporates it herein. Therefore, it is the judgment of this Court Defendants' motion is **GRANTED**.

**IT IS SO ORDERED**.

Signed this 11th day of April, 2018, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within thirty days from the date of this Order in accordance with the Federal Rules of Appellate Procedure.